# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| ROGER WALLACE HENDERSON | § | |
| | § | |
| V. | § | A-16-CV-1044-LY |
| | § | |
| LORIE DAVIS | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 8); and Petitioner's response (Document 14). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I. STATEMENT OF THE CASE

**A.     Petitioner's Criminal History**

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 21st Judicial District Court of Bastrop County, Texas in cause number 7976. Petitioner was charged with and pleaded guilty to burglary of a building. On July 29, 1993, pursuant to a plea bargain, the trial court sentenced Petitioner to 25 years' imprisonment.

On October 12, 2000, Petitioner was released on parole. His parole was revoked on October 4, 2004, and Petitioner was returned to prison. On March 29, 2011, Petitioner was released on parole. His parole was revoked on October 23, 2015. Petitioner did not receive street-time credit for the time he was on parole, because he did not meet his mid-point calculation dates.

**B.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. Petitioner's parole officer was insubordinate when he initially charged Petitioner with failing to report and then later claimed Petitioner was being charged with failing to reschedule his appointment. Stated differently, Petitioner was not provided proper notice when the alleged parole violation of failing to report was later changed to failing to reschedule his appointment with the parole officer;

2. After his parole was revoked in 2004, he was illegally denied street-time credit;

3. After his parole was revoked in 2015, he was illegally denied street-time credit; and

4. Failure to return his previously earned good time credits upon his return to prison in 2015 violated the Ex Post Facto Clause.

It is not clear whether Petitioner is also attempting to raise claims under 42 U.S.C. § 1983. He includes in his request for relief a demand for monetary damages. However, that request is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

## II.   DISCUSSION AND ANALYSIS

**A.     Unexhausted Claim**

Petitioner has not exhausted his claim that his parole officer was insubordinate when he initially charged Petitioner with failing to report and then later claimed Petitioner was being charged with failing to reschedule his appointment. Although Petitioner raised this claim in his state application, Ex parte Henderson, Appl. No. 27,985-10, the Court of Criminal Appeals dismissed the

mixed petition for failure to exhaust his administrative remedies. Petitioner filed a subsequent state application. Ex parte Henderson, Appl. No. 27,985-11. However, he did not challenge the revocation of his parole in that application. Rather, he only challenged the failure to credit him with street time and the failure to restore his good time credits.

Petitioner's unexhausted claim is procedurally barred. A subsequent state application for habeas corpus on Petitioner's unexhausted issue would be futile as it would be dismissed pursuant to TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 as an abuse of the writ. When a state court decision rests on a state law ground that is independent of a federal question and adequate to support the judgment, federal courts lack jurisdiction to review the merits of the case. Coleman v. Thompson, 501 U.S. 722, 729 (1991). In order for a claim of procedural default to preclude federal review of a habeas petitioner's claim, the last state court issuing a reasoned decision must have clearly and unequivocally relied upon the procedural default as an independent and adequate ground for denying relief. Harris v. Reed, 489 U.S. 255, 262 (1989). Additionally, even though a claim has not been reviewed by the state courts, this Court may find that claim to be procedurally barred. Coleman, 501 U.S. at 735. The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. Id. at n.1. However, a petitioner can still obtain federal habeas review on a claim denied by the state court on the grounds of procedural default if he can show cause and actual prejudice for his procedural default or that a failure to address the merits of the federal claim would result in a miscarriage of justice. Moore v. Roberts, 83 F.3d 699, 702 (5th Cir. 1996), citing Coleman, 501 U.S. at 750.

3

Petitioner has failed to show cause and actual prejudice for his procedural default and has made no showing that a failure to address the merits of the federal claim would result in a miscarriage of justice. Therefore, Petitioner is barred from raising his unexhausted claim.

**B.      Street-Time Credit After 2004 Revocation**

To the extent Petitioner challenges the failure to grant him street-time credit after his 2004 revocation, his claim is successive. Petitioner filed a federal application for habeas corpus relief challenging the 2004 revocation of his parole on or about April 20, 2006. See Henderson v. Quarterman, No. A-06-CV-290-LY (W.D. Tex.). The Court denied the application on December 18, 2006. Petitioner could have raised his street-time credit claim regarding the 2004 revocation of his parole in his 2006 application.

Title 28 U.S.C. § 2244(b) provides before a second or successive application for writ of habeas corpus is filed in the district court, an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Petitioner has not obtained prior approval to file a successive habeas corpus application. Pursuant to § 2244(b), Petitioner's application for habeas corpus relief, to the extent he challenges the denial of street time credit after his 2004 revocation, is therefore successive and should be dismissed. See United States v. Fulton, 780 F.3d 683 (5th Cir. 2015) (holding the district court does not have jurisdiction to consider a successive § 2255 motion and remanding to the district court with instructions to dismiss the successive motion for want of jurisdiction).

**C.      Street-Time Credit After 2015 Revocation**

Petitioner appears to have exhausted his state court remedies with respect to his claim for street-time credit after his 2015 revocation. Petitioner raised this claim in a state application for writ

of habeas corpus. The Texas Court of Criminal Appeals denied the application on the merits. Ex parte Henderson, Appl. No. 27,985-11. Therefore, the scope of this Court's review is determining whether the adjudication of Petitioner's claim by the state court either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See 28 U.S.C. § 2254(d).

Petitioner is not entitled to street-time credit after his 2015 revocation.[1] The law in this Circuit firmly establishes that time spent on parole or mandatory supervision does not operate to reduce the sentence of a parole or mandatory supervision violator returned to prison. The courts have consistently held that by violating parole or mandatory supervision a prisoner forfeits all credit of good conduct time accumulated prior to release and all credit for time on parole or mandatory supervision before the violation. See Cortinas v. United States Parole Comm'n, 938 F.2d 43 (5th Cir. 1991); Munguia v. United States Parole Comm'n, 871 F.2d 517, 521 (5th Cir.), cert. denied, 493 U.S. 856 (1989); United States v. Newton, 698 F.2d 770, 772 (5th Cir. 1983); Starnes v. Cornett, 464 F.2d 524 (5th Cir.), cert. denied, 409 U.S. 987 (1972); Betts v. Beto, 424 F.2d 1299 (1970). Thus, Petitioner has no federal constitutional right to reduction of his sentence for time spent on parole. Additionally, the Court notes parole and mandatory supervision conditions are not additional to, but rather part of, the original sentence. See Coronado v. United States Board of Parole, 540 F.2d 216, 218 (5th Cir. 1976); Sturgis v. United States, 419 F.2d 390 (5th Cir. 1969). Petitioner is not being

---

[1] The Court notes that, had it considered the merits of Petitioner's claim regarding street-time credit after the 2004, it would have concluded he was not entitled to that credit for the same reasons set out here.

forced to serve more than his 25-year sentence. Petitioner violated the terms of his supervision, and as a result, lost any credit for the time he spent on parole.

Petitioner is also not entitled to his street-time credit under Texas law. The Texas parole statute in effect at the time the controlling offense was committed (March 8, 1993) provides in relevant part:

> When a person's parole, mandatory supervision, or conditional pardon is revoked, that person may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation.

TEX. CODE CRIM. PROC. art. 42.18 § 14(a) (Vernon 1992) (currently TEX. GOV'T CODE ANN. § 508.283(b) (West 2016). Accordingly, Petitioner was never entitled to receive a reduction of his sentence for the time he spent on parole.

Finally, even under the Texas statute addressing street-time credit in effect at the time of Petitioner's revocation in 2015, Petitioner is not entitled to credit. That statute reads in pertinent part:

> (c) If the parole, mandatory supervision, or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount to time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

TEX. GOV'T CODE ANN. § 508.283(c) (West 2014). Under this section, Petitioner would have been entitled to credit for street time if on the date his warrant issued, he was "subject to a sentence the remaining portion of which [was] less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons." According to TDCJ, Petitioner's midpoint calculation date was June 1, 2016. Because the pre-revocation warrant for Petitioner's arrest was issued on September 16, 2015, Petitioner failed to make it to his midpoint calculation date. As a result, Petitioner is not entitled to receive street-time credit under section 508.283.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner is not entitled to federal habeas corpus relief.

**D.    Restoration of Good Time Credits**

Petitioner contends the failure to return his previously earned good time credits upon his return to prison in 2015 violated the Ex Post Facto Clause. Petitioner's claim is moot due to his release from prison.[2] Under Texas law, good time does not carry over to any subsequent incarceration. *See Adair v. Dretke*, 150 F. App'x 329, 332 (5th Cir. 2005); TEX. GOV'T CODE § 498.004(b).

Furthermore, there was no ex post facto violation because good time credits affect only parole eligibility and their loss does not increase the sentence. *See Palmer v. Texas Bd. of Paroles*, 89 F. App'x 857, 858 (5th Cir. 2003). Since 1977, Texas statutes (previously TEX. REV. CIV. STAT. ANN.

---

[2] On May 9, 2017, Petitioner notified the Court of a change of address. Court personnel verified with the TDCJ that Petitioner was released on parole on May 4, 2017.

art. 6181-1, § 4 and currently TEX. GOVT. CODE ANN. §§ 498.003, 498.004, 498.005) have provided that good conduct time applies only to eligibility for parole or mandatory supervision and may be forfeited for violations of department rules and good time does not reduce an inmate's sentence. Ex Parte Hallmark, 883 S.W.2d 672, 673 (Tex. Crim. App. 1994).

Petitioner presented this claim in a state application for habeas corpus relief, which the Texas Court of Criminal Appeals denied. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner is not entitled to federal habeas corpus relief.

### III. RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed for want of jurisdiction to the extent he seeks street-time credit after his 2004 revocation, be dismissed as moot to the extent he seeks the restoration of good time credits, and be dismissed with prejudice on the remaining claims. To the extent Plaintiff attempts to raise claims under section 1983, those claims should be dismissed without prejudice to refiling in a civil-rights complaint and are subject to the filing fee requirements of the Prison Litigation Reform Act.

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED this 16th day of June, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE